MARTIN A. SCHAINBAUM (CSB # 37257)
601 Montgomery Street, Suite 688
San Francisco, California 94111
Telephone: (415) 777-1040
Facsimile: (415) 981-1065
Email: schainbm@taxwarrior.com
AUBREY HONE (CSB # 260999)
ALEXIS BINAZIR (CSB # 295496)
870 Market Street, Suite 588
San Francisco, California 94102
Telephone: (415) 765-1754
Facsimile: (866) 661-9227
Email: aubrey@honemaxwell.com
Attorneys for the Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>BRIAN PETER STALLINGS,<br><br>     Defendant. | CR CASE NO. 3:15-CR-00359-TEH<br><br>**STIPULATION AND [PROPOSED] ORDER FOR TAKING DEPOSITION OF WITNESS JOHN FROST-STENNET** |

Defendant Brian Peter Stallings and the United States of America agree and stipulate, pursuant to Fed. R. Crim. P. 15(h), that the deposition of John Frost-Stennet may be taken for the reasons and in the manner set forth below.

1. On July 9, 2015, Defendant Brian Peter Stallings ("Stallings") was indicted on 3 counts of Making and Subscribing False Tax Returns for 2008, 2009, and 2010 in violation of 26 U.S.C. § 7206(1), and 11 counts of Willful Failure to Account for and Pay Over Taxes for the 2nd Quarter of 2009 through the 4th Quarter of 2011 in violation of 26 U.S.C. § 7202. (Dkt. No. 1.)

2. John Frost-Stennet ("Frost") resides at 4351 Frye Ave., Clearlake, CA, and was an office manager at Stallings Painting, Inc., or was employed by Stallings Painting, Inc., during the

periods identified in the indictment in this case. He was also interviewed by IRS agents in connection with this case. Defense counsel believes the testimony of Frost is essential to the issues raised in the indictment and in this case. Defense counsel represents that he has obtained the attached declaration of Frost, Exhibit A, signed under penalty of perjury by Frost.

3. According to Frost's declaration, Exhibit A, Frost will be unable to attend the trial in this case because he is terminally ill and his life expectancy is estimated to be less than 6 months as described in his declaration. (*See* Exhibit A.)

4. Under Rule 15 of the Federal Rules of Criminal Procedure, the deposition of a witness may be taken upon a showing of "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). Rule 15 also provides that the "parties may by agreement take and use a deposition with the court's consent." Fed. R. Crim. P. 15(h).

5. "Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *United States v .Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998).

6. Given Frost's terminal illness as represented in Exhibit A, taking his deposition is necessary to preserve his testimony for trial, is in the interest of justice, and exceptional circumstances have been demonstrated.

7. The parties stipulate to the taking of Frost's deposition at 601 Montgomery Street, Suite 688, San Francisco, CA 94111 on January 19, 2016, commencing at 10:00 a.m., or at such other location as the parties agree upon. This deposition will be taken on direct examination by Martin A. Schainbaum and Aubrey Hone, subject to cross-examination by the United States of America, through its respective attorneys, under oath, and when so taken will be recorded by stenographic and/or audiovisual means.

8. The admissibility of Frost's deposition testimony or evidence used during his deposition is not determined by this stipulation or by an order of the Court approving of the taking of Frost's

deposition. *See* Fed. R. Crim. P. 15(f).  "A party may use all or part of a deposition as provided by the Federal Rules of Evidence." *Id.*

9.  Objections by either party to the deposition testimony or evidence must be in compliance with Fed. R. Crim. P. 15(g).

10. Expenses incurred for taking Frost's deposition, including costs of a copy of the deposition transcript or video, and travel and subsistence expenses for defense counsel, Defendant and Frost will be paid by Defendant.

Stipulated and Agreed to By:

/S/ Jose A. Olivera

Dated:_____, 2016.

JOSE A. OLIVERA
Assistant United States Attorney
Tax Division
*Attorney for the United States*

/S/ Martin A. Schainbaum

Dated:_____, 2016.

MARTIN A. SCHAINBAUM
*Attorney for Defendant*

To whom it may concern:

Under penalty of perjury, in November of 2014, I was diagnosed with cancer. I had developed a tumor in my throat. It was treated with radiation and chemotherapy. Before the tumor was eradicated, the cancer had already spread to my bloodstream. Once the cancer had spread to my blood, the oncology team had told me that this condition is terminal and was not curable. In the event of any newly formed tumor, the oncology team said they would be able to treat each tumor individually, but eventually it would get to a point where there will be too many tumors to treat. In closing, the oncology team gave me six to eighteen months to live, twelve months ago.

John Frost

EXHIBIT A

1
2
# [PROPOSED] ORDER

    For the reasons stated in the stipulation above, and for exceptional circumstances shown, IT IS
HEREBY ORDERED that the deposition of John Frost-Stennet will be taken in this case on January 19,
2016, at 10:00 a.m., at 601 Montgomery Street, Suite 688, San Francisco, CA 94111, for the purpose
and reasons stated in the Parties' stipulation.

    **IT IS SO ORDERED**.


DATED: 1/6/2016

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE