UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br>    v.<br>BRIAN PETER STALLINGS,<br>        Defendant. | Case No. 3:15-cr-00359-CRB-1<br><br>**PRETRIAL ORDER** |

The Court provides the following guidance to the parties in anticipation of the upcoming trial in this matter.

TRIAL DATE

Jury trial will begin on June 5, 2017 at 9:00 a.m., in Courtroom 6, 17th floor, 450 Golden Gate Avenue, San Francisco, California. The length of trial will be not more than five days.

DISCOVERY

Both sides will comply with the Federal Rules of Criminal Procedure, and the United States will comply with Brady -v- Maryland, 373 U.S. 83 (1963) and United States -v- Agurs 427 U.S. 97 (1976).

PRETRIAL CONFERENCE

A pre-trial conference will be held on May 23, 2017 at 2:30 p.m., in Courtroom #8. It shall be attended by the attorneys who will try the case. Not less than one week prior to the pre-trial conference, counsel shall comply with Crim. L.R. 17-1-1(b).

JURY INSTRUCTIONS

Jury instructions §1.01 through §1.11, §3.01 through §3.08 and §7.01 through §7.05 from the Manual of Model Jury Instructions for the Ninth Circuit (1995) will be given absent objection. Counsel shall jointly submit one set of additional proposed jury instructions, ordered in a logical

sequence, together with a table of contents, using the Ninth Circuit Manual where possible, or Devitt and Blackmar or CALJIC, by **May 16, 2017**. Any instructions on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction. Counsel for the United States shall submit a verdict form. The attached voir dire will be given to the venire members. Counsel should submit an agreed upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

By **May 16, 2017**, the proposed jury instructions, witness list, exhibit list, proposed verdict forms and proposed voir dire shall be submitted (A) on a CD in WordPerfect 10.0 format, (B) in Judge Breyer's proposed order email address in WordPerfect format, as well as (C) in hard copies. The defendant will file their witness and exhibit lists no later than **May 17, 2017**. All hard-copy submissions should be three-hole punched on the left, so that the chambers' copy can be put in binders.

JURY SELECTION

The Jury Commissioner will summon 45 to 65 prospective jurors. The Courtroom Deputy will seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of all the venire persons so that twelve (plus a sufficient number for alternates) will remain after all preemptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Preemptory challenges will be made in writing and passed between counsel in accordance with Crim L.R. 24-2 and 24-3. The Court will strike the persons with meritorious hardships, those

excused for cause, and those challenged preemptorily, and call the first twelve people (plus alternates) in numerical sequence remaining. Those twelve people will be the jury.

Jurors may take notes. Steno notebooks will be distributed at the beginning of each trial. The pads will remain in the jury room at the end of each day. Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.

EXHIBITS

Counsel must meet and confer in person over all exhibit numbers and objections and to weed out duplicate exhibits. Please be reasonable.

Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark it. Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, however, then the latter must be conformed to the new trial number if and when the deposition testimony is read to the jury (so as to avoid confusion over exhibit numbers). The jury should always hear any given exhibit referred to by its unique number. You cannot have competing versions of the same exhibit numbers.

The exhibit tag shall be in the following form:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

CASE NO. _____

DATE ENTERED_____

BY _____
DEPUTY CLERK

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying) but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. Deposit your exhibits with the deputy clerk (Lashanda Scott) on the first day of trial. The tags should have adhesive on them. In addition to the record copies of exhibits (in a binder separated with a label divider), one or more bench binders containing a copy of each side's exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench set). Please use 1-1/2-inch binders with locking rings. (Heavier binders are too hard to handle.)

PRETRIAL ARRANGEMENTS

Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Richard Duvall, Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten calendar days prior to the trial date.

During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models or specimens of devices. The Courtroom is set up with

equipment which allows evidence presentation. If video equipment is used, equipment capable of instantly accessing the relevant portions of transcripts and graphics should be used (rather than, for example, raw video tapes made at depositions which take time to forward or to rewind). Please work with Lashanda Scott (415-522-2062) on courtroom-layout issues.

SCHEDULING

The normal trial schedule will be 9:00 a.m. to 4:00 with two fifteen-minute breaks and lunch. Counsel must arrive by 8:45 a.m., or earlier as needed for any matters to be heard out of the presence of the jury. Please be prepared to start with the jury at 9:00 a.m. The trial week is Monday through Thursday except for any Wednesday afternoon and all federal court holidays.

**IT IS SO ORDERED.**

Dated: March 21, 2017

_____
CHARLES R. BREYER
United States District Judge

PLEASE ANSWER THE FOLLOWING QUESTIONS

WHEN DIRECTED TO DO SO BY THE COURT

1. State your name.

2. State your city of residence and how long you have lived there.

3. State how long you have lived in California.

4. State your occupation, (if retired or unemployed, state your previous occupation(s)

5. State your marital status.

6. If married, state your spouse's occupation.

7. If you have children, state their ages and the occupation of any adult children.

8. If you have had previous military service, state the branch of the service and your duties while in the service.

9. If you have had previous jury service, including grand jury service, state where and when you were a juror.  Also state whether the cases(s) was civil or criminal.  Did the jury return a verdict?

**<u>DO NOT STATE WHAT THE VERDICT WAS</u>**.

10. Is there any reason why you could not be fair and impartial in a case of this nature?